■ WILLIAM KOFF et al., Respondents, v AARON ADAMS et al., Appellants. — Order, Supreme Court, New York County (Fraiman, J.), entered April 9, 1981, which granted plaintiffs' motion to dismiss the counterclaims for failure to state a cause of action, unanimously reversed, on the law, without costs or disbursements, the motion denied and the counterclaims reinstated. Plaintiffs, tenants of a loft building, alleged that the owners have permitted and encouraged them to convert their loft space to residential usage, and commenced this action seeking, *inter alia,* a declaratory judgment that they are subject to the protections of the New York City Rent Stabilization Law and Code and the Emergency Tenants Protection Act, and an injunction against any proceedings seeking their eviction except in conformity with the said Rent Stabilization Law and Code. In addition to a general denial the defendant owners interposed two counterclaims, one seeking ejectment on the grounds that residential occupancy is a prohibited use of the premises, and the other, damages for waste. In moving to dismiss the counterclaims plaintiffs relied upon chapter 889 (§ 6, subd c) of the Laws of 1980 which prohibited a landlord from seeking to recover possession of a dwelling unit in a loft building covered by the section on the ground that the tenancy is illegal or in violation of the lease or other rental agreement because a residential certificate of occupancy has not been issued. The counterclaims should not have been dismissed. At the very least an issue of fact exists on the counterclaim seeking repossession of the premises as to the applicability of subdivision c of section 6, since defendants contend that they did not know or believe at the inception of the tenancy that the loft space would be used for residential purposes. The leases are explicit that the demised premises are to be used as artists' studios. Subdivision c of section 6 applies only if "the owner knew or had reason to know at the inception of the tenancy that the tenant would occupy all or part of such unit for residential purposes" (§ 6, subd a, par [i]). While, as Special Term correctly noted, subdivision c of section 6 also applies "whenever the owner shall have accepted rent from or on behalf of a tenant actually occupying all or part of such unit for residential purposes for any period of three successive months" (§ 6, subd a, par [ii]), and defendants did not deny accepting rents, this issue was raised for the first time

in plaintiffs' reply affirmation, to which defendants had no opportunity to respond. In any event there is an issue as to whether the rents were indeed accepted for three successive months at a time when the premises were residentially occupied. The counterclaim for waste was pleaded with sufficient specificity to satisfy CPLR 3013. Nor does the aforesaid subdivision c of section 6 bar the counterclaim for waste since its prohibition is limited to actions to regain possession of the premises. Concur — Sandler, J. P., Sullivan, Ross, Lupiano and Asch, JJ.